Filed 6/20/22  P. v. Cervantes CA4/3
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAVEN ANTHONY CERVANTES,<br><br>    Defendant and Appellant. | G058554<br><br>(Super. Ct. No. 01WF2314)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Lynda A. Romero, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Lynne G. McGinnis, Deputy Attorney General, for Plaintiff and Respondent.

\*          \*          \*

This appeal arises from a Penal Code section 1170.95 petition for resentencing.[1]  Defendant Javen Anthony Cervantes aided and abetted in a first degree murder for the benefit of a gang.  The jury found true the special circumstance that he intentionally did it as an active participant in a criminal street gang.  He was sentenced to state prison for life without the possibility of parole.  We affirmed that judgment in a prior opinion.  (*People v. Ramirez* (Jan. 18, 2006, G033858) [nonpub. opn.].)  In 2019, he filed a section 1170.95 petition for resentencing.  The trial court summarily denied the petition without appointing counsel, concluding Cervantes was ineligible for relief under section 1170.95.  Cervantes appealed.  We affirmed, holding that the gang special circumstance necessarily entailed a finding that Cervantes acted with the intent to kill, thereby disqualifying him for relief under section 1170.95.  (*People v. Cervantes* (Apr. 8, 2021, G058554) [nonpub. opn.].)  We also followed the then-majority of cases in holding that the trial court was not required to appoint counsel at the initial prima facie hearing.

Cervantes appealed to the California Supreme Court, which granted review and held the case pending the outcome of *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).  After deciding *Lewis*, the California Supreme Court remanded the matter to us with instructions to vacate our prior opinion and reconsider the matter in light of *Lewis*.

*Lewis* does not change the outcome of this appeal.  Although it is now clear that the court erred in making prima facie findings without appointing counsel, that error is harmless.  Nothing in *Lewis* affects our conclusion that Cervantes is categorically disqualified from obtaining relief under section 1170.95 by the jury's finding that he intentionally committed murder for the benefit of a criminal street gang.  Accordingly, we affirm.

---

[1]     All statutory references are to the Penal Code.

## FACTS[2]

Seventeen-year-old G.C. went to codefendant Richard Ramirez's house to pay off a debt owed by a family member. Ramirez was a drug dealer. When G.C. arrived, Cervantes and Stanley Cruz (another codefendant) accosted G.C., asking him where he was from, and demanding that he show any gang tattoos. When G.C. said he was from the City of Artesia but not in any gangs, Cervantes and Cruz blocked G.C.'s exit path. The defendants were members of gangs hostile to a gang from Artesia. Cervantes went to summon Ramirez. When Ramirez learned that G.C. was from Artesia, he told Cervantes to fetch some rope and tape, which he did, and ultimately G.C. was killed with a lethal dose of heroin. Cervantes then helped dispose of the body and later attempted to clean the scene of the crime to destroy any evidence.

## STATEMENT OF THE CASE

At trial, the prosecutor presented three theories of murder: felony murder, natural and probable consequences, and direct aiding and abetting. Cervantes was convicted of street terrorism and first degree murder. As to the murder, the jury found true a special circumstance of intentionally killing as an active participant in, and for the benefit of, a criminal street gang. The jury also found true a sentencing enhancement that the murder was committed for the benefit of a criminal street gang. Cervantes was sentenced to a term in prison of life without the possibility of parole. We affirmed that judgment in the nonpublished opinion *People v. Ramirez*, *supra*, G058554.

In September 2019, Cervantes filed a petition for resentencing pursuant to section 1170.95. The court summarily denied the petition without appointing counsel, finding, "A review of court records indicates defendant is not eligible for relief under the statute because the defendant does not stand convicted of murder or defendant's murder

---

[2] The following facts are recited verbatim from our prior opinion. (*People v. Cervantes, supra,* G058554.)

3

conviction(s) is not based on felony-murder or on a natural and probable consequences theory of vicarious liability for aiders and abettors." Cervantes appealed from that denial. We affirmed the denial in *People v. Cervantes, supra,* G058554.

Cervantes petitioned for review to the California Supreme Court, which granted review and held the matter pending the outcome of *Lewis, supra,* 11 Cal.5th 952. After deciding *Lewis*, the California Supreme Court remanded the matter to us with instructions to vacate our prior opinion and reconsider the matter in light of *Lewis*. We ordered our prior opinion vacated and invited supplemental briefing from the parties, which we received.

DISCUSSION

In *Lewis*, our high court considered two questions. First, "may superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief [under section 1170.95]?" (*Lewis*, *supra,* 11 Cal.5th at p. 957.) "The answer is yes." (*Id.* at p. 970.) Second, "when does the right to appointed counsel arise?" (*Id.* at p. 957.) Answer: "petitioners who file a complying petition requesting counsel are to receive counsel upon the filing of a compliant petition." (*Id.* at p. 963.) Specifically, the court clarified that section 1170.95 contemplates only one prima facie analysis, and that counsel must be appointed *prior* to that analysis. (*Id.* at p. 966 ["a complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes one (not two) prima facie determination."].)

Undoubtedly, in light of our high court's answer to the second question, the trial court here erred in conducting a prima facie analysis of Cervantes's petition prior to appointing counsel. In *Lewis*, the trial court had similarly denied the petition at the prima facie stage without appointing counsel. The *Lewis* court, rather than grant relief to the appellant, remanded the matter to the Court of Appeal to determine in the first instance

4

whether the error was prejudicial under the standard articulated by *People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*). (*Lewis, supra,* 11 Cal.5th at p. 975.)

Under the *Watson* standard, "a 'miscarriage of justice' should be declared only when the court, 'after an examination of the entire cause, including the evidence,' is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*Watson, supra,* 46 Cal.2d at p. 836.)

For the reasons we expressed in our prior opinion, we conclude the error was harmless. The jury's findings in conjunction with the jury instructions demonstrate as a matter of law that Cervantes is ineligible for resentencing under section 1170.95. While we do not wish to repeat that entire discussion here, in sum, the jury was instructed that in order to find the gang special circumstance to be true, it had to find that "defendant intentionally killed the victim." Because the amendments to sections 188 and 189 only provide relief to defendants who participated in crimes without the mental state of malice, Cervantes does not qualify for relief. (See § 188, subd. (a)(1) ["Malice is express when there is manifested a deliberate intention to unlawfully take away the life of a fellow creature."].)

Cervantes attempts to introduce some ambiguity in the jury's findings by pointing to another instruction that stated the following: "If you find a defendant in this case guilty of murder of the first degree, you must then determine if one or more of the following special circumstances: are true or not true: That . . . . *[t]he defendant or defendants intentionally killed the victim* while active prticipants [*sic*] in a criminal street gang, and the [m]urder was carried out to further the gang activity." (Italics added.) Cervantes suggests the jury may have read "or defendants" to mean that he could be vicariously liable for the killer's intent.

We view that as a tortured interpretation of the instruction. There is a simple reason why the instruction included the language "or defendants": there were

5

three defendants on trial. "[O]r defendants" simply conveys the idea that the jury could find the special circumstance to be true as to multiple defendants (which it in fact did). That same jury instruction went on to say, "*Unless an intent to kill is an element of a special circumstance*, if you are satisfied beyond a reasonable doubt that the defendant actually killed a human being, you need not find that the defendant intended to kill in order to find the special circumstance to be true." (Italics added.) The italicized portion of that instruction would only serve to emphasize the requirement that the jury find Cervantes intended to kill in order to find the gang special circumstance true. Furthermore, the same instruction emphasized that each defendant must be independently guilty for the special circumstance to be true: "You must decide separately as to each of the defendants the existence or nonexistence of each special circumstance alleged in this case." On the whole, we simply cannot find that a reasonable jury would interpret the words "or defendants" to incorporate the entire edifice of the natural and probable consequences doctrine in light of the actual language of the instruction.

Cervantes argues that the prosecutor's closing argument enhanced the possibility that the jury made a true finding without finding defendant intended to kill, but we conclude the opposite is true. Cervantes emphasizes the prosecutor's comments that each defendant was "equally guilty" of the actions of the other defendants and that Cervantes could be guilty of murder even if he never believed a murder would happen. These statements were made in reference to the underlying murder charge and were accurate at the time. However, they stood in stark contrast to the prosecutor's commentary on the gang special circumstance. After discussing the natural and probable consequences doctrine, the prosecutor explained the law was different as to the special circumstance: "That is different for the special circumstance. That is different. The special circumstance, for you to mark these boxes true, you have to find – and I submit you should find – but you have to find not that any one of *the three defendants* personally killed them, but that they *did have the specific intent to actually kill them*, not as the

6

target crime. [¶] For the special circumstances, that's not a target crime situation. That's an actual yeah, we want to kill this guy from Artesia, and we did. I maybe didn't do it personally, but I wanted him dead and to benefit the gang. You have to find that true, and you certainly should." These comments accurately reflected the proper, common sense interpretation of the instructions. And under that interpretation, the jury's true finding as to the gang special circumstance disqualifies Cervantes from relief under section 1170.95. Accordingly, the court's error in failing to appoint counsel was harmless.

## DISPOSITION

The postjudgment order denying defendant's petition under section 1170.95 is affirmed.


MARKS, J.*

WE CONCUR:


MOORE, ACTING P. J.


GOETHALS, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.